7 F.3d 222
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re: Michael W. ADAMS; Susan L. Adams, Debtors.
Harry A. WALLACE, III; Robert A. Bonwell, Plaintiffs-Appellees,
v.
Michael W. ADAMS; Susan L. Adams, Defendants-Appellants.
 No. 92-1253.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 11, 1993.
Decided: September 14, 1993.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert Earl Maxwell, Chief District Judge. (CA-91-98-E, BK-91-20087)
 James W. Martin, Jr., Siegrist, Spelsberg, White, Martin & Conley, Clarksburg, West Virginia, for Appellant.
 Meredith Thomas Persinger, Charleston, West Virginia, for Appellees.
 N.D.W.Va.
 DISMISSED.
 Before MURNAGHAN, Circuit Judge, and SPROUSE and CHAPMAN, Senior Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Michael and Susan Adams (debtors) seek review of a district court order reversing and remanding for further consideration the bankruptcy court's determination that it lacked jurisdiction to consider the creditors' motion for an extension of time in which to file a dischargeability complaint pursuant to 11 U.S.C.A. § 523 (1993). Under 28 U.S.C.A. § 158(d) (West Supp. 1992), courts of appeals have jurisdiction over final orders entered by district courts in bankruptcy cases. A final decision is "generally one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). We have held that jurisdiction is lacking under § 158(d) to review a district court's order remanding the case to the bankruptcy court, since such a decision is not a final order. See Capitol Credit Plan, Inc. v. Shaffer, 912 F.2d 749 (4th Cir. 1990).
 
 
 2
 Moreover, we note that since there is no issue on appeal which could not be reviewed after further proceedings, the case is not reviewable under the collateral order doctrine. See Mitchell v. Forsyth, 472 U.S. 511 (1985). We therefore dismiss this appeal for lack of jurisdiction. We note that we have previously granted the debtors' motion to dispense with oral argument and decide this case on the briefs.
 
 DISMISSED